IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.B.E.W. LOCAL UNION 380 PENSION FUND, | : : : | CIVIL ACTION NO. 93-_____ |
| Plaintiff, | : | |
| v. | : : | |
| BUCK CONSULTANTS and DAVID S. BOOMERSHINE, | : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, I.B.E.W. Local Union 380 Pension Fund  (the "Fund"), by and through

its attorneys, Fox Rothschild LLP, files the within Complaint and avers as follows:

### Parties

1.     The Fund has a principal place of business at 3900 Ridge Pike,

Collegeville, PA 19426.

2.     Buck Consultants ("Buck") has a principal place of business at One South

Street, 11th Floor, Baltimore, MD 21202-3201.

3.     David S. Boomershine ("Boomershine") is a Principal of Buck, and has

been a Principal of Buck at all times relevant hereto.

### Jurisdiction and Venue

4.     Jurisdiction of this matter is appropriate pursuant to 28 U.S.C. § 1332(a)

because there is diversity of citizenship and the amount in controversy exceeds $75,000.

5.     Venue of this matter is appropriate pursuant to 28 U.S.C. § 1391(a)(2), a

judicial district in which a substantial part of the events or omissions giving rise to the

claims herein occurred in this District.

## **Facts**

6.    The Fund, through its Board of Trustees, contracted with Buck to perform annual review and actuarial valuations for plan years ending December 31, 1997 (report as of January 1, 1998) through December 21, 2000 (report as of January 1, 2001). Copies of these reports are attached hereto as Exhibits "A" through "D".

7.    Each year, Buck reported that the Fund had unfounded actuarial accrued liability[1] ("Unfunded AAL") as follows:

    a.   Plan Year Ending 12/31/97 (Report as of 1/1/98)    $   9,646,120.00

    b.   Plan Year Ending 12/31/98 (Report as of 1/1/99)    $ 13,180,953.00

    c.   Plan Year Ending 12/31/99 (Report as of 1/1/00)    $ 20,299,588.00

    d.   Plan Year Ending 12/31/00 (Report as of 1/1/01)    $ 24,201,909.00

(collectively, the "Buck Reports").

8.    Boomershine signed off on each of the Buck Reports.

9.    Buck represented that each of the Buck Reports had been prepared in accordance with generally accepted actuarial principals and practices.

10.    Notwithstanding the ever-increasing Unfunded AAL, Buck represented to the Fund – after being explicitly asked by the Trustees of the Fund – that the Fund could adopt benefit enhancements.

11.    Said benefit enhancements were made based upon Buck's reports and representations.

---

[1] Actuarial accrued liability is the difference between the present value of all future benefits expected to be paid to the participant and the present value of his future normal costs.  Unfunded AAL is the amount of liability that is not funded.

2

12.     In September 2001, the Trustees of the Fund learned that there were significant problems with the Buck Reports, such as significant understatements of Unfunded AAL.

13.     The Unfunded AAL for plan year ending December 31, 2001 (report as of January 1, 2002) is reported at $43,374,648.00.

## Count I

## Negligence v. Buck

14.     Counts 1 – 16 are incorporated by reference as if fully set forth at length herein.

15.     Buck, by and through its principals, employees, and agents, had a duty to properly prepare and present an annual review and actuarial evaluation of the Fund for plan years ending December 31, 1997 (report as of January 1, 1998) through December 31, 2000 (report as of January 1, 2001).

16.     The Buck Reports were to have been prepared in accordance with the actuarial standard of care applicable to the preparation of such reports.

17.     The Buck Reports were to have been prepared in accordance with generally accepted actuarial principles and practices.

18.     The Buck Reports were not prepared in accordance with the actuarial standard of care and/or generally accepted actuarial principles and practices.

19.     As a result of Buck's breach of the actuarial standard of care and/or generally accepted actuarial principles and practices, Buck has caused damage to the Fund in the form of significantly increased Unfunded AAL.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

## Count II

## Negligence v. Boomershine

20.     Counts 1 – 20 are incorporated by reference as if fully set forth at length herein.

21.     Boomershine had a duty to properly prepare and present an annual review and actuarial evaluation of the Plan for plan years ending December 31, 1997 (report as of January 1, 1998) through December 31, 2000 (report as of January 1, 2001).

22.     Boomershine also had a duty to supervise other employees in the preparation and presentation of the Buck Reports.

23.     The Buck Reports were to have been prepared in accordance with the actuarial standard of care applicable to the preparation of such reports.

24.     The Buck Reports were to have been prepared in accordance with generally accepted actuarial principles and practices.

25.     The Buck Reports were not prepared in accordance with the actuarial standard of care and/or generally accepted actuarial principles and practices.

26.     As a result of Boomershine's breach of the actuarial standard of care and/or generally accepted actuarial principles and practices, Boomershine has caused damage to the Fund in the form of significantly increased Unfunded AAL.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

4

## Count III

### Negligent Misrepresentation v. Buck

27.    Counts 1 – 27 are incorporated by reference as if fully set forth at length herein.

28.    Buck, by and through its principals, employees, and agents, negligently misrepresented that the Fund could afford benefit enhancements.

29.    This negligent misrepresentation was intended to induce the Fund to increase benefit enhancements.

30.    The Fund reasonably relied upon this misrepresentation.

31.    As a result of this misrepresentation, Buck has caused damage to the Fund in the form of significantly increased Unfunded AAL.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

## Count IV

### Negligent Misrepresentation v. Boomershine

32.    Counts 1 – 32 are incorporated by reference as if fully set forth at length herein.

33.    Boomershine negligently misrepresented that the Fund could afford benefit enhancements.

34.    This negligent misrepresentation was intended to induce the Fund to increase benefit enhancements.

35.    The Fund reasonably relied upon this misrepresentation.

PH1 511236v1 08/27/03

36.     As a result of this misrepresentation, Boomershine has caused damage tto the Fund in the form of significantly increased Unfunded AAL.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

## Count V

### Breach of Contract v. Buck

37.     Counts 1 – 37 are incorporated by reference as if fully set forth at length herein.

38.     Buck entered into a contract with the Fund to prepare the Buck Reports.

39.     Buck, by and through its principals, employees, and agents, was to properly prepare and present an annual review and actuarial evaluation of the Fund for plan years ending December 31, 1997 (report as of January 1, 1998) through December 31, 2000 (report as of January 1, 2001).

40.     The Buck Reports were to have been prepared in accordance with the actuarial standard of care applicable to the preparation of such reports.

41.     The Buck Reports were to have been prepared in accordance with generally accepted actuarial principles and practices.

42.     The Buck Reports were not prepared in accordance with the actuarial standard of care and/or generally accepted actuarial principles and practices.

43.     As a result of Buck's failure to act in accordance with the actuarial standard of care and/or generally accepted actuarial principles and practices, Buck has breached its contract with the Fund and caused damage to IBEW in the form of

6

significantly increased Unfunded AAL and excessive charges for services not properly performed.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

## Count VI

## Breach of Contract v. Boomershine

44.    Counts 1 – 47 are incorporated by reference as if fully set forth at length herein.

45.    Buck entered into a contract with the Fund to prepare the Buck Reports.

46.    Boomershine, and other employees and agents of Buck which he had an obligation to supervise, were to properly prepare and present an annual review and actuarial evaluation of the Fund for plan years ending December 31, 1997 (report as of January 1, 1998) through December 31, 2000 (report as of January 1, 2001).

47.    The Buck Reports were to have been prepared in accordance with the actuarial standard of care applicable to the preparation of such reports.

48.    The Buck Reports were to have been prepared in accordance with generally accepted actuarial principles and practices.

49.    The Buck Reports were not prepared in accordance with the actuarial standard of care and/or generally accepted actuarial principles and practices by Boomeshine and/or the agents and employees of Buck.

50.    As a result of Boomershine's failure to act in accordance with generally accepted actuarial principles and practices, Buck has breached its contract with the Fund

7

and caused damage to IBEW in the form of significantly increased Unfunded AAL and excessive charges for services not properly performed.

WHEREFORE, the Fund seeks damages in excess of $75,000 together with any interest, costs, attorney's fees, or other award as this Court deems appropriate.

FOX ROTHSCHILD LLP


_____
John C. Romeo, Esquire (#77692)
Mindee J. Reuben, Esquire (#75308)
2000 Market Street, 10th Floor
Philadelphia, PA 19103
(215) 299-2000 phone
(215) 299-2150 fax

Date:_____

PH1 511236v1 08/27/03