IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.B.E.W. LOCAL UNION 380 PENSION FUND | : | CIVIL ACTION |
| | : | NO. 03-4932 |
| v. | : | |
| | : | |
| BUCK CONSULTANTS and | : | |
| DAVID S. BOOMERSHINE | : | |

O'NEILL, J.                                                                                                    JUNE 3, 2008

MEMORANDUM

On August 29, 2003 plaintiff International Brotherhood of Electrical Workers Local Union 380 Pension Fund filed a complaint against defendants Buck Consultants and David S. Boomershine alleging actuarial negligence, negligent misrepresentation and breach of contract. Defendants subsequently filed a motion for summary judgment on all of plaintiff's claims, and in a memorandum and Order dated January 30, 2008 I granted defendants' summary judgment with respect to the negligent misrepresentation and breach of contract claims. Therefore, only plaintiff's actuarial negligence claims against each defendant – Counts I and II of its complaint – remain in the case.

The background of this case is set forth in the memorandum accompanying my January 30, 2008 Order, and I need not repeat it here. Before me now are defendants' motion in limine to exclude the expert testimony of David M. Lipkin, plaintiff's response, and defendant's reply.

DISCUSSION

In order to establish a claim for professional malpractice under Pennsylvania law plaintiff must demonstrate three basic elements: (1) employment of the professional or other basis for a

1

duty; (2) the failure of the professional to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of damage to the plaintiff.  Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998) (setting forth the elements of a legal malpractice claim).  "The standard of care in Pennsylvania malpractice cases is measured by the skill generally possessed and employed by practitioners of the profession.  Expert testimony is required to establish the relevant standard and whether the defendant complied with that standard . . . ."  Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 480-81 (3d Cir. 1979) ("There have been sweeping statements in Pennsylvania cases that the requirement of expert testimony applies to malpractice actions against members of all professions. . . . The expert witness in professional malpractice is necessary to establish the specific standard of care and to assist the jury in its determination of defendant's conformity to the relevant standard.") (citations omitted).

>Federal Rule of Evidence 702, which governs the testimony of experts, provides:

>If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit."  Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003).  "Qualification refers to the requirement that the witness possess specialized expertise.  We have interpreted this requirement liberally, holding that a broad range of knowledge, skills, and training qualify an expert.  Secondly, the testimony must be reliable; it must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation;

the expert must have good grounds for his on her belief." Id. (citations and internal quotation marks omitted).  Whether expert testimony satisfies the third requirement depends upon "the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 743 (3d Cir. 1994).  The "ultimate touchstone" in evaluating admissibility under Rule 702, is "helpfulness to the trier of fact." Id. at 746.  The District Court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury.  Fried, 320 F.3d at 404, citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993).

Defendants do not contest Lipkin's qualification as an expert.  Defendants argue instead that Lipkin's testimony: (1) is not reliable because it lacks factual foundation and is based on unreliable method; and (2) will not assist this Court as the trier of fact and will unfairly prejudice defendant.

I.      Reliability

"The inquiry into reliability requires a court to ensure that an expert's opinion is based on the methods and procedures of science rather than on subjective belief or unsupported speculation." Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 495 (D.N.J. 2002), quoting Paoli, 35 F.3d at 742 (internal quotation marks omitted).  The Court "may conclude, after viewing an expert's conclusions in light of the evidence on which he relies and the methodology employed, that there is simply too great an analytical gap between the data and the opinion proffered." Yarchak, 208 F. Supp. 2d at 495, quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 145-46 (1997) (internal quotation marks omitted).

"The evidentiary requirement of reliability is lower than the merits standard of correctness." In re Paoli, 35 F.3d at 744. As the Court of Appeals has stated, "[T]he primary limitation on the judge's admissibility determinations is that the judge should not exclude evidence simply because he or she thinks that there is a flaw in the expert's investigative process which renders the expert's conclusions incorrect. The judge should only exclude the evidence if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions." Id. at 746.

Defendants initially argue that Lipkin's expert opinion lacks factual foundation because: (1) Lipkin admitted that he wrongly assumed that defendants failed to perform calculations before telling the Trustees that there would be no unfunded liability as a result of the benefit enhancements effective on January 1, 2000; and (2) Lipkin erroneously presumed that the alleged one-word answer given by Boomershine was given in September 1999, when the benefit increases were voted upon, rather than in October 1999.

Though Lipkin admitted to these errors, I am not required to exclude his entire testimony. "Daubert does not require that an expert's testimony be excluded simply because he admitted and corrected his own mistakes or retracted his false statements. In fact, one of the very purposes of a Daubert hearing . . . is to give experts a chance to explain and even correct errors that they made in their reports. . . . There is no stigma attached to such error correction, nor should there be. If anything, it strengthens the quality of the expert report." Crowley v. Chait, 322 F. Supp. 2d 530, 540 (D.N.J. 2004). Significantly Lipkin never retracted or revised his general conclusions that defendants "did not carefully measure" liabilities of the proposed amendments; failed "to properly advise" the Trustees regarding the impact of benefit increases; and "failed to

4

clearly inform the Trustees" of the impact of certain decisions on the viability of the Fund.  As I recognized in the memorandum accompanying my Order of January 30, 2008, Lipkin found that defendant Boomershine "did not carefully measure the amount of liability that the . . . amendment would create, that his assumptions, aside from the plan amendment, were out of date, and that he did not provide consultation to the trustees, among other things."  Lipkin further noted that "[w]hile the Actuary appeared to take great pains to get the calculation 'details' right, he never took the time to steer the plan away from recognizable dangers."  I conclude that the admitted factual errors noted by defendants are properly the subject of cross-examination but are not flaws large enough that Lipkin lacks good grounds for his general conclusion that defendants' actions fell below the applicable standard of care.

Defendants next argue that Lipkin's opinion merely parrots the audit performed by the independent actuary Beyer-Barber.  While "[t]he Federal Rules of Evidence do not permit experts to simply 'parrot' the ideas of other experts or individuals, In re Wagner, 2007 WL 966010, at *4 (E.D. Pa. Mar. 29, 2007), citing Loeffel Steel Prods. v. Delta Brands, 387 F. Supp. 2d 794, 824 (N.D. Il. 2005) (expert testimony that simply repeated the assertions of non-expert company employees was inadmissable), "experts are permitted to rely on materials used by other experts in developing their own opinions." In re Wagner, 2007 WL 966010, at *4.  In other words, experts may use a "mix of objective data and subjective analysis from another expert to . . . create an admissible report," and an expert's knowledge of specific facts regarding the incident – or lack thereof – "go[es] to the weight accorded to [that expert's] report and testimony, rather than its admissibility."  Id.  As I stated in in the memorandum accompanying my Order of January 30, 2008, "[s]upporting and explaining the findings of the Beyer-Barber report," Lipkin

5

concluded in his own expert report that defendants breached their duty of care. Though the extent of Lipkin's reliance on the Beyer-Barber report effects the weight to be granted to his expert testimony, it is not a basis to render his testimony inadmissible.

II.     Fit and Prejudice

Defendants finally argue that Lipkin's expert testimony is unfairly prejudicial and will not assist this Court as the trier of fact, as it is based on flawed factual assumptions that do not fit the facts of the case. Under Federal Rule of Evidence 403 relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Defendants' concern is misplaced as

> Rule 403 has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of "unfair prejudice" is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981), quoted in Hussey v. Chase Manhattan Bank, 2005 WL 2203146, at *7 (E.D. Pa. July 29, 2005).

Defendants rely of the decision of the Court of Appeals in Elcock v. Kmart Corp., 233 F.3d 734 (3d Cir. 2000), for the proposition that an expert's testimony ought to be excluded where the prejudicial effect would outweigh any probative value. In Elcock the Court of Appeals reasoned that permitting expert testimony that was "not grounded in the facts of the case" would not comply with the "fit" requirement of Rule 702 and "would significantly increase the risk of misleading the jury and confusing the issues, the very dangers against which Rule 403 defends."

6

Id. at 756.  As Elcock concerned a jury trial, it does not apply to the present case.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.B.E.W. LOCAL UNION 380 PENSION FUND | : | CIVIL ACTION |
| | : | NO. 03-4932 |
| v. | : | |
| | : | |
| BUCK CONSULTANTS and | : | |
| DAVID S. BOOMERSHINE | : | |

ORDER

AND NOW, this 3rd day of June 2008, upon consideration of defendants' motion in limine to exclude the expert testimony of David M. Lipkin, plaintiff's response, and defendants' reply, it is ORDERED that defendants' motion is DENIED.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.